UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 15, 2018

LETTER TO COUNSEL

RE: *Devona Carleen Chavis v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-1470

Dear Counsel:

On May 30, 2017, Plaintiff Devona Carleen Chavis petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment [ECF Nos. 17, 20] and Ms. Chavis's Reply [ECF No. 21], and I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the SSA's decision, and remand the case to the SSA for further consideration. This letter explains my rationale.

Ms. Chavis protectively filed her claims for DIB and SSI on May 18, 2012, alleging a disability onset date of September 1, 2011. (Tr. 187-93, 194-99). Her claims were denied initially and on reconsideration. (Tr. 58-77, 80-118, 121-28, 129-32). A hearing was held on April 20, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 37-57). On May 4, 2015, the ALJ determined that Ms. Chavis was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 17-34). The Appeals Council denied Ms. Chavis's request for review, (Tr. 1-6), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Chavis suffered from the severe impairments of "degenerative disc disease, obesity, bipolar disorder, depression, anxiety, and borderline intellectual functioning." (Tr. 22). Despite these impairments, the ALJ determined that Ms. Chavis retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift/carry 10 pounds frequently and 20 pounds occasionally. The claimant can sit for 8 hours and stand/walk for 4 hours in an eight-hour workday.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

> She requires the option to alternate between sitting and standing at least every 30 minutes for confront [sic]. The claimant can perform occasional stooping or squatting, but no crawling. She should avoid pushing or pulling with the lower extremities. She can perform simple, repetitive, routine job tasks without frequent interactions with the general public.

(Tr. 25). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Chavis could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 28-29).

On appeal, Ms. Chavis argues that: (1) the ALJ erroneously assessed her RFC in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015); and (2) the ALJ erroneously failed to conclude that she satisfied the criteria of Medical Listing 1.04A. These arguments are addressed below.

First, Ms. Chavis argues that the ALJ erred by failing to include her moderate limitations with regard to concentration, persistence, or pace in the RFC assessment, in violation of *Mascio*. [ECF No. 17-1 at 9]. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. Further, the regulations offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In this case, the ALJ concluded at step three of the sequential process that Ms. Chavis had "moderate difficulties" with respect to concentration, persistence, or pace. (Tr. 24). The ALJ noted that Ms. Chavis reported that she: (1) could pay attention for 45 minutes at a time; (2) tended not to finish what she starts; (3) has difficulty following written instructions, but could follow spoken instructions; and (4) does not handle stress or changes in routine well. *Id.* The ALJ then found that Ms. Chavis had the RFC to "perform light work . . . [and] can perform simple, repetitive, routine job tasks without frequent interactions with the general public." (Tr. 25).

Pursuant to *Mascio*, I find that remand is required because the ALJ failed to provide adequate explanation of how Ms. Chavis's RFC assessment accounts for her "moderate difficulties" in concentration, persistence, or pace or, alternatively, because he failed to explain why her moderate difficulties at step three of the sequential process did not translate into a limitation in her RFC. *See* (Tr. 25-27). Urging against remand, the SSA argues that the ALJ adequately explained why Ms. Chavis's moderate limitations in concentration, persistence, or pace could be accommodated by merely limiting her to unskilled work through his consideration of Ms. Chavis's ability to: (1) pay attention for 45 minutes; (2) follow spoken instructions; and (3) independently grocery shop, use public transportation, cook, dress and bathe. Def.'s Opp., [ECF No. 20-1 at 12-13]. Further, in his RFC analysis, the ALJ: (1) expressly noted that Ms. Chavis's July 2012 mental status examination revealed that her "concentration was good," (Tr. 26); and (2) assigned great weight to the State agency psychological consultants' opinions that

Ms. Chavis could complete "uncomplicated tasks" and is "able to produce concentrated effort needed to complete simple tasks with adequate persistence, pace and reliability despite some occasional disruption as indicated," (Tr. 60, 90). Importantly, however, in summarily assigning great weight to the opinions of the State agency psychological consultants, the ALJ failed to specifically discuss the findings related to concentration, persistence, or pace. *See* (Tr. 27). Instead, the ALJ simply stated that the opinions were "consistent with the results of the claimant's consultative examination . . . [and] mental status examinations." *Id.*

Based on the foregoing, while the ALJ briefly considered Ms. Chavis's ability to concentrate, his RFC analysis entirely fails to address Ms. Chavis's pace or ability to sustain work over an eight-hour workday. *See* (Tr. 25-27). Accordingly, even if the ALJ's RFC analysis properly addressed Ms. Chavis's moderate limitations with respect to concentration, the ALJ's failure to account for her moderate limitations in persistence or pace runs afoul of *Mascio*. Thus, I am unable to ascertain whether the ALJ truly believed Ms. Chavis had moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, or how those difficulties restrict her RFC to "perform simple, repetitive, routine job tasks without frequent interactions with the general public." (Tr. 25). In light of this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should provide adequate explanation of how Ms. Chavis's RFC assessment accounts for her "moderate difficulties" in concentration, persistence, or pace or, alternatively, why her moderate difficulties at step three of the sequential process do not translate into a limitation in her RFC. In remanding for additional analysis, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Chavis is not entitled to benefits is correct.

Ms. Chavis also argues that the ALJ erred by failing to conclude that she satisfied Medical Listing 1.04A. Pl.'s Mem., [ECF No. 21-1 at 15-22]. Because the case is being remanded on other grounds, I need not address this argument. On remand, the ALJ should review the Listing 1.04A analysis and correct any deficiencies.

For the reasons set forth herein, Ms. Chavis's Motion for Summary Judgment [ECF No. 17] is DENIED, and Defendant's Motion for Summary Judgment [ECF No. 20], is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge